

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

February 1, 1971

Honorable Enrique H. Pena
County Attorney
Room 201
City-County Building
El Paso, Texas  79901

Opinion No. M- 781

Re:  Whether corporation licensed to transact business in Texas and whose marketing system has several levels of distributorships violate the Antitrust, Deceptive Trade Practice, or Lottery Laws of Texas.

Dear Mr. Pena:

You have requested our opinion concerning the legality of a sales plan currently being utilized by a Texas corporation.  Specifically, you requested that we review the sales plan in light of the Antitrust, Deceptive Trade Practice and Lottery Laws of the State of Texas.

Along with your opinion request, you submitted the following information describing the company's sales plan. The company offers for sale, at varying prices, several positions.  The positions are generally referred to as distributorships.  The structure of the company is in the general classification of a pyramid or multi-level type.

As you know, not infrequently businesses organized along this structural line do engage in violations of the Antitrust and Deceptive Trade Practices acts of this State and on occasion may violate the Lottery statutes.  When this is so, however, it is because the actions and misrepresentations engaged in by the company's representatives when presenting the program and the opportunities for making money, for a pyramid business structure is not presently, in and of itself, a violation of any of the three laws above named.

Pyramid companies typically provide that goods must be purchased only from those people who introduce the purchaser to the plan and these new distributors then become a part of that introducing distributor's sales organization.  The introducing distributor then is rewarded for all sales made within his organization, even those made by recruits of his distributors.  This would constitute a conspiracy between two or more

-3802-

persons not to buy from or sell to another individual which would be in direct violation of Article 15.03(a)(1), Vernon's Civil Statutes which provides as follows:

"(a) It is a conspiracy in restraint of trade for
(1) two or more persons engaged in buying or selling tangible personal property to agree not to buy from or sell to another person tangible personal property;"

Thus it is clear that if the person who is introduced into the plan by a certain distributor is prohibited by the plan from purchasing from anyone other than his introducing distributor, there is a violation of our law.

Additionally, in a plan such as this there is normally a fixed price list which controls the resale price of goods sold by the distributors at the various levels.

An agreement among the distributors and the company fixing and maintaining the resale price of the merchandise so that all distributors at the same level sell an item for the same price is also a violation of the Texas Antitrust laws. See Article 15.02(b)(5)(A), Vernon's Civil Statutes, which provides:

"(b) A 'trust' is a combination of capital, skill, or acts by two or more persons to
(5) agree
(A) not to sell, dispose of, transport, or prepare tangible personal property for market or transportation, or not to make an insurance contract, at a price below a common standard or figure;"

It is clear that if prices for the product are set and maintained by the parent organization and the individual distributors are not free to choose their own resale price, as is normally the case in a pyramid organization if it is to work as outlined by the sales representatives, then there is another violation of our Texas Antitrust law.

The Distributor's Manual which you supplied along with your request affirmatively points out that members of the program are free to purchase from whomsoever they desire at the best price possible and that they may resell their goods to anyone at any price they so choose. Whether or not such conditions are in fact true in this particular sales plan is

-3803-

a question of fact and one upon which this office will not pass. We pause to point out that the mere recitation in the sales manual of these facts does not control, and it is the actual actions of the company and its "distributors" when making the sales presentation and in dealing with its distributors which determines whether or not there has been a violation of our law.

Regarding the Deceptive Trade Practices Act, it is not unusual for pyramid sales companies, and indeed other companies, to make gross misrepresentations in the sales presentation as to prospective earnings, and the ease with which these earnings may be accomplished. These claims are often made in a revival like, mass meeting referred to by some glowing name where the plans are outlined with rehearsed and theatrical precision. Unfortunately, it is not unheard of for the representation to be made at such a meeting that this office, or some other governmental agency, has approved the plan. Suffice it to say that where misrepresentations are made concerning the benefits of the sales plan or its approval of sponsorship, it is a violation of Article 5069-10.01(b)(5) which provides:

> "(b) 'Deceptive practices' means any one or more of the following:
> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;"

The material you submitted indicates that this company does not utilize the mass sales meeting technique. Rather, it seems, a company representative approaches every person individually and describes the sales plan on its own merit. Additionally, you state that each person is told how many distributors there presently are in the area and the total number of distributorships available for the area. Thus a prospective purchaser is aware at the time of his purchase of the market saturation, or lack thereof, in his area. Further, it appears from the submitted materials that realistic claims of earnings are presented by the company to prospective distributors rather than the exhorbitant and fantastic claims which all too often are companions to sales presentations of this type. We caution again that actual fraud or misrepresentation is a question of fact, and we do not attempt to pass upon the question of whether the company actually follows the sales manual you supplied. It

does appear from the information that you furnished us that this company does not engage in such misrepresentation. It is elementary that if there is no misrepresentation of the product, the sales program involved or potential earnings, then there is no violation of our Deceptive Trade Practices Act.

Finally we come to the question of whether this sales plan violates the Lottery Laws of the State of Texas. A lottery in Texas consists of three essential elements, which are consideration, prize and chance. See Griffith Amusement Company v. Morgan, 98 SW2d 844 (Tex.Civ.App. 1936, no writ); City of Wink v. Griffith Amusement Company, 129 Tex. 40, 100 SW2d 695 (1936); State v. Socony Mobil Oil Company, 386 SW2d 169; and Att. Gen. Opinion Nos. C-619 (1966) and M-343 (1969). In a plan such as this the problem always is one of whether or not there is chance. There is obvious consideration, the cost of distributorship, and prize, the chance to make large earnings. The only question remaining is whether skill or chance is the dominant factor. From the facts given, it appears that in this plan skill and effort on the part of the distributor are paramount and that chance, if any, is minimized to that point to which any ordinary businessman would be subjected. See Atty. Gen. Opinion No. M-343 (1969). For this reason it is the opinion of this office that the sales plan as presented does not constitute a violation of the Lottery laws of this State.

We stress that this opinion is based upon the assumption of the truth and accuracy of the facts submitted along with your opinion request as pointed out above. If the company is saying one thing in their sales manual but actually doing another, then there might well be a violation of any or all of the above noted laws. In addition, since this office is without authority to determine factual questions, we point out that if it is caused to appear that a factual controversy is presented, the court of jury would make the ultimate factual determination.

## S U M M A R Y

A sales plan which does not contain a conspiracy not to buy from or sell to another individual and which does not fix resale prices does not violate Article 15.03(a)(1), Vernon's Civil Statutes. A sales plan which does not fix or maintain resale prices does not violate Article 15.02(b)(5)(a). A sales plan in which there is no deceptive sales representation does not violate Article 5069-10.01 et seq. A sales plan which does

not contain the essential elements; consideration, chance and prize does not constitute a lottery in violation of Article 654, Penal Code. If it appears that the facts are controverted as to any of the elements constituting a lottery, the determination of such a fact question cannot be made by this office but is a question for a court or jury.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert E. Owen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Gordon Cass
Larry Craddock
Jim Swearingen
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant